IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORIA BONET<br>Plaintiff<br>vs<br>TRANSPORTATION SECURITY ADMINISTRATION and OFFICE OF WORKERS COMPENSATION PROGRAM<br>Defendants | CIVIL 11-1389CCC |

**OPINION AND ORDER**

Plaintiff Gloria Bonet, an employee of the federal Transportation Security Administration (TSA), filed this suit against her employer and the United States Department of Labor's Office of Workers' Compensations Programs (OWCAP), seeking to recover from the two government agencies damages that were awarded in an uncollectable judgment issued in a prior lawsuit in this Court against an independent contractor from Tennessee that previously provided janitorial services to the TSA.  See Bonet v. Curtis Cleaning Service, Cv. 07-2080 (FAB) (Curtis Case).  The action is now before us on defendants' Motion to Dismiss (**docket entry 4**), plaintiff's opposition (docket entry 11), and defendants' reply (docket entry 13).[1]  The background facts of this case, as gleaned from the record of the Curtis Case, are as follows:

In November 2007, plaintiff sued Curtis Cleaning Services (Curtis) and OWCAP in this Court for injuries suffered in a slip-and-fall accident that had occurred in the TSA's lounge on November 12, 2006.  On June 2, 2008, the Court granted OWCAP's unopposed Motion to Dismiss for Lack of Jurisdiction.  Default was entered against Curtis on August 25, 2008, when it failed to appear after having been served by publication.  After a default hearing was held before a U.S. Magistrate Judge, the Court adopted the Magistrate Judge's

---

[1]Plaintiff's surreply erroneously titled "Plaintiff's **Reply** to Defendants' Opposition to Motion to Dismiss" (**docket entry 17**), filed without leave of Court, is STRICKEN.

CIVIL 11-1389CCC                                         2

Report and Recommendation and, on February 13, 2009, entered Judgment in Bonet's favor, against Curtis, in the amount of $993,000.00.

As alleged in the complaint now before us, because Curtis never made an appearance in the earlier suit, plaintiff lacked the financial and insurance information necessary to execute the judgement against it. (Complaint ¶3). Bonet alleges that when she tried to obtain information from the TSA, she was told that the file was in the custody of the Puerto Rico Ports Authority. (¶4) Ports Authority, in turn, informed that the TSA had requested control of the contract with Curtis for security purposes and, therefore, allegedly did not have a copy of the file. (¶5) After further attempts to obtain information necessary to execute the judgment against Curtis, Bonet avers that she learned on June 25, 2010 that Curtis Cleaning Services had been dissolved. (¶9) After several unsuccessful attempts to find the name of Curtis' insurer at the time of her accident, she was advised by an attorney in Georgia "to sue the federal government Agency, TSA and recover as damages judgment in this case." (¶12) (sic).

As stated by Bonet in the introductory paragraph of her complaint, she is filing this "request for damages arising from a violation of civil rights and obstruction of information for execution of a sentence related to a labor accident. In addition, the case is filed based on vicari[ous] responsibility, solidary responsibility, and negligence **by omission of its regulatory obligation to request insurance from a service provider**." (Our emphasis). Plaintiff further elaborates that she has sued the TSA because:

> 14. Execution of sentence was impeded by lack of collaboration (sic) from Federal Agency TSA. The denial of Information violates Civil Rights of Plaintiff and represents obstruction of justice by state agency officials. Corporate officials recently provided the definitive answer as to the non-existence of the information needed for execution of sentence.
>
> 15. TSA requested authorization to contract directly maintenance services and it was granted. For unknown reasons they did not require insurance to Curtis. (sic).

CIVIL 11-1389CCC                                    3

**A.   PLEADING STANDARD**

Under Fed. R. Cv. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While the rule does not require a detailed factual allegation, it does demand more than an unadorned, "the defendant-unlawfully-harmed-me" accusation.  Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009).  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2008).  The court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."

Iqbal, *supra*, at 1949.

The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice.  Twombly, *supra*, at 555.

**B.   ANALYSIS**

Defendants argue, correctly so, that Bonet has failed to invoke any federal statutory or constitutional right that establishes a waiver of sovereign immunity that would allow her to collect monetary damages under the factual circumstances averred.  In fact, the only statute cited in the jurisdictional paragraph is 28 U.S.C.§ 1346(b), which establishes that the federal district courts have exclusive jurisdiction of civil actions on claims for money damages against the United States for personal injury caused by the negligent act of a government employee while acting in the course of his employment.  The government then

CIVIL 11-1389CCC                                 4

goes on to analyze the failure to state a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2871 et seq., and the fact that she has already received compensation for her injury under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 et seq., the exclusive remedy against the United States or its agencies for all damages claimed by their employees arising from job-related injuries.

Bonet, however, is not seeking compensation for injuries resulting from her accident. She seeks compensation for her employer's alleged failure to provide her information about Curtis' financial situation and insurance coverage and/or its failure to require Curtis to carry liability insurance. Plaintiff states, at ¶6 of her opposition, that the FECA and the FTCA are not applicable to this case. She argues, as sole alternative, that the United States is liable under Article 1802 of the Civil Code of Puerto Rico for its failure to require Curtis to obtain liability insurance coverage. In her opposition, plaintiff abandons the generic "violation of civil rights," which had no concrete factual basis.

Plaintiff's Article 1802 argument is not viable. The United States has not waived its sovereign immunity to be sued under state tort law. Congress enacted the FTCA, which sets forth the limits of the waiver of sovereignty for comparable state tort claims. Thus, the FTCA is the only mechanism under which to pursue a claim for damages allegedly resulting from the TSA's failure to require insurance of its contractor, and/or TSA's failure to provide information about Curtis' insurance coverage. Bonet does not recognize the applicability of the FTCA, with its requisite exhaustion of administrative claims.

For the above stated reasons, the Motion to Dismiss (**docket entry 4**) is GRANTED, and this action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on October 24, 2011.

                                                                      S/CARMEN CONSUELO CEREZO
                                                                      United States District Judge